UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DRAMONT TURKS                               CIVIL ACTION NO. 11-cv-0391

VERSUS                                      JUDGE FOOTE

WARDEN, AVOYELLES CORRECTIONAL              MAGISTRATE JUDGE HORNSBY
CENTER

## REPORT AND RECOMMENDATION

**Introduction**

Dramont Turks ("Petitioner") went to the home of Donald Dobbins in Plain Dealing, and Mr. Dobbins let Petitioner in the house. Once inside, Petitioner used a shotgun to fire at and hit Gantry DeBose. Petitioner left the house and went next door yelling for Toni Neil, his former girlfriend and the mother of his son. Toni ran from the house, but Petitioner chased her into the backyard where her escape was blocked by a fence. She fell to the ground, and Petitioner shot her in the face with a shotgun. Toni was three months pregnant at the time. Both she and her unborn child died as a result of the shooting.

A Bossier Parish jury indicted Petitioner for the first degree murder of Toni. He was also charged with first degree feticide, attempted first degree murder of Gantry DeBose, aggravated burglary, felon in possession of a firearm, and resisting an officer. A plea bargain allowed Petitioner to avoid the potential of the death penalty. He pleaded guilty to attempted first degree murder of Toni Neil and first degree feticide for the death of her unborn child. The State dismissed the other charges, agreed to a 10-year cap on the feticide sentence, and

agreed not to file an habitual offender bill of information. The court sentenced Petitioner to 50 years for the attempted first degree murder conviction and 10 years for the feticide conviction, with the sentences to be served consecutively.

Petitioner's sentence was upheld on direct appeal. State v. Turks, 997 So.2d 743 (La. App. 2d Cir. 2008). Petitioner later filed a state post-conviction application in which he argued that (1) his guilty plea was involuntary, (2) the two convictions violated double jeopardy principles, and (3) his counsel rendered ineffective assistance. After pursuing those claims through all three levels of the state court system, Petitioner now presents them in this federal petition. For the reasons that follow, it is recommended the petition be denied.

**Voluntariness of Guilty Plea**

Petitioner claims that his guilty plea is invalid because the district attorney threatened to kill him. A transcript of the plea hearing shows that counsel and the court went over changes to the charges and explained the benefits Petitioner would obtain through the bargain, which included avoiding exposure to the death penalty. Petitioner was represented by Pamela Smart, an experienced criminal defense attorney who has practiced for approximately 20 years in Bossier Parish courts as well as this federal court. Trial judge Dewey Burchett, Jr. asked Petitioner if he was satisfied with his representation, and Petitioner answered, "Yes." The judge recited the terms of the plea bargain, and Petitioner said he understood it and had no questions. The judge advised Petitioner of his right to go to trial, require the State prove the case beyond a reasonable doubt, cross-examine witnesses,

and compel attendance of defense witnesses. Petitioner said he wanted to give up those rights and not have a trial. The following exchange then occurred:

> "THE COURT: Anybody made any promises or threats to you to get you to plead guilty other than what I've told you?
>
> MR. TURKS: Other than the DA talking about killing me, no, sir.
>
> THE COURT: Okay.
>
> MS. SMART: He's talking about he's not subject to the death penalty anymore of which we discussed yesterday.
>
> THE COURT: Well, that's right.
>
> MR. TURKS: Other than that threat, no, sir.
>
> THE COURT: I understand. Well, he's reduced it so that's no longer on the table and you understand that.
>
> MR. TURKS: Yes, sir. That is the reason for us reaching this plea agreement, correct?
>
> THE COURT: Sir?
>
> MR. TURKS: That is the reason for us reaching this plea agreement.
>
> THE COURT: I wasn't part of the plea bargain agreement. That was between you and the district attorney, but I just agreed to accept it, sir. Would you be pleading guilty to the Attempted First Degree Murder because you are guilty?
>
> MR. TURKS: Yes, sir.
>
> THE COURT: Would you be pleading guilty to the First Degree Feticide because you are guilty?
>
> MR. TURKS: Because I done did that even though that wasn't my intent, yes, I am guilty.

A federal habeas court will uphold a guilty plea if it was knowing, voluntary, and intelligent. Hobbs v. Blackburn, 752 F.2d 1079, 1081-82 (5th Cir. 1985). The voluntariness can be determined only by considering all of the relevant circumstances, and the entry of a plea to avoid the death penalty does not necessarily prove that the plea was coerced and invalid as an involuntary act. Brady v. U.S., 90 S.Ct. 1463, 1469-70 (1970). See also Williamson v. State of Ala., 441 F.2d 549, 550 (5th Cir. 1971) ("a guilty plea entered to avoid the death penalty is not involuntary").

When Petitioner presented this claim to the state court, the trial court judge rejected it. He noted that Petitioner reduced his exposure from the death penalty to 50 years on the count related to shooting Toni Neal, obtained a sentence cap on the feticide count, and obtained dismissal of several other felony charges and the potential of a multiple offender enhancement. The court also noted that the transcript showed Petitioner pleaded guilty "because he was guilty." Tr. 79-83. The state appellate court denied a writ application with a summary statement that all three claims were "not grounded in law or fact." Tr. 85. The Supreme Court of Louisiana denied writs without comment. State ex rel. Turks v. State, 50 So. 3rd 818 (La. 2010).

Federal habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Pape v. Thaler, 645 F.3rd 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010).

There is no basis to find that the state court's adjudication of this claim was an objectively unreasonable application of Brady v. U.S. or any other Supreme Court holdings regarding voluntary guilty pleas. Petitioner was, of course, aware that he faced the death penalty, but he entered his guilty plea by specifically stating that he was guilty. There is no indication of a basis for a defense to the murder and infanticide charges, and he obtained substantial benefits by pleading guilty. (Most persons who enter a guilty plea to avoid the death penalty in Louisiana obtain a natural life sentence. Petitioner's sentence is lengthy, but it at least permits the possibility of release.) Habeas relief is not available on this claim.

**Double Jeopardy**

Petitioner pleaded guilty to attempted first degree murder of Toni Neal (the person he actually killed; not Mr. DeBose who was shot but survived) and first degree feticide of Ms.

Neal's unborn child. The state court denied the claim, reasoning that each conviction was based upon a separate and distinct offense, one being the killing of Ms. Neal and the other the killing of the fetus. Tr. 81-82.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides: "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." That protection prohibits multiple punishments for the same offense. Brown v. Ohio, 97 S.Ct. 2221 (1977).

The Supreme Court in Blockburger v. U.S., 52 S.Ct. 180 (1932) stated that the rule is that where the same act or transaction constitutes a violation of two distinct statutes, the test to determine whether there are two offenses or only one, "is whether each provision requires proof of a fact which the other does not." 52 S.Ct. at 182. Louisiana courts often refer to Blockburger but more often employ what is called a "same evidence test" that is broader in concept than Blockburger. Petitioner argues under both approaches, but federal habeas applicants must claim violations of a federal constitutional right. Petitioner has not cited any Supreme Court decision that clearly establishes the same evidence test as part of federal double jeopardy law. The Supreme Court has actually "disclaimed any intention of adopting a 'same evidence' test" in double jeopardy cases. U.S. v. Felix, 112 S.Ct. 1377, 1382 (1992). Accordingly, the undersigned has not applied the same evidence test in habeas cases. See Hampton v. Warden, 2013 WL 5673622 (W.D. La. 2013).

The Supreme Court of Louisiana took up a double jeopardy challenge in State v. Smith, 676 So. 2d 1068 (La. 1996) where the defendant was convicted of manslaughter and

feticide after he choked to death his pregnant girlfriend. The court concluded that, while double jeopardy might prohibit successive trials for manslaughter and feticide if the same evidence were used to convict for both, the fact that the convictions were obtained in a single proceeding avoided double jeopardy concerns. The Louisiana court cited Missouri v. Hunter, 103 S.Ct. 673 (1983), which rejected a double jeopardy challenge when a defendant who robbed a supermarket was convicted in a single trial of both armed criminal action and first degree robbery.

Hunter stated that the Blockburger test is a rule of statutory construction that is not controlling where there is a clear indication of contrary legislative intent. Hunter, 103 S.Ct. at 679, citing Albernaz v. U.S., 101 S.Ct. 1137, 1143 (1981). Where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Hunter, 103 S.Ct. at 3679. The Supreme Court of Louisiana concluded that the state legislature intended, when it enacted the feticide statutes, a perpetrator be penalized separately for killing an unborn child where the mother was also killed.

The application of the Supreme Court's double jeopardy holdings is often difficult due to the lack of clarity for a given setting, but such a lack of clarity can only weigh against habeas relief. See Lockyer v. Andrade, 123 S.Ct. 1166 (2003) (lack of clarity in Court precedents on sentencing proportionality made it difficult to obtain relief under Section

2254(d) standard). What is clear is that the Supreme Court in <u>Hunter</u> allowed multiple punishments when imposed in a single proceeding, even though <u>Blockburger</u> might have barred separate prosecutions, when there was indication of contrary legislative intent. Reasonable arguments might be made that the Louisiana legislature did not intend for multiple punishments to be available in this setting, but the undersigned agrees with the unanimous opinion of the Supreme Court of Louisiana that there was such intent.[1] Petitioner's case falls within the holdings that have permitted convictions such as his. He has not established that he is entitled to habeas relief under the demanding standard of Section 2254(d).

**Ineffective Assistance of Counsel**

Petitioner makes general allegations that his attorney was never acting on his behalf, did not grasp the possibility that the threats against him violated his rights, and did not correct the violations committed by the judge and prosecutor. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that his counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 2064 (1984). He must also demonstrate prejudice caused by the deficient performance.

---

[1] <u>See</u> <u>also</u> <u>State v. Smith</u>, 679 So. 2d 380 (La. 1996) (Calogero, C.J., Concurring in the Denial of Rehearing) ("The Louisiana legislature clearly intended to punish the non-consensual, involuntary termination of a pregnancy, whether done intentionally, unintentionally, or negligently, *in addition* to any other criminal penalties which may be assessed with respect to harm done the mother....")

In a guilty plea case, that means he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

The state trial court rejected this claim because Petitioner "presented no basis to support a mere claim that his counsel failed to investigate or was ineffective or how the outcome of his case would have been different if he had chosen to proceed with a jury trial." The judge noted that Petitioner "greatly benefitted" from the representation that obtained him a beneficial plea bargain, and that Petitioner stated at his plea hearing that he was satisfied with his counsel's advice. Tr. 82-83.

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

The court sees no error in the state court's adjudication of the Strickland claim. Petitioner offered nothing but general assertions. There is no indication of any mistake or lack of effort by counsel and, moreover, no basis to believe Petitioner would have insisted

on going to trial and facing the death penalty had counsel done something different. Petitioner is not entitled to relief on this final claim.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court

to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

 THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2014.

              Mark L. Hornsby
              U.S. Magistrate Judge